IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MARGRIT B. PORTER,

                Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                Defendant.

Case No. 10-CV-86-FHM

**OPINION AND ORDER**

Plaintiff, Margrit B. Porter, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's December 7, 2005, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held May 2, 2008. By decision dated August 18, 2008, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on December 4, 2009. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 59 years old at the time of alleged onset of disability and 63 at the time of the ALJ's decision.  She completed the 11th grade and formerly worked as counter person at a cleaners, a telemarketer, and a Wal-Mart sales associate and greeter.  She claims to have been unable to work since October 7, 2005, as a result of chronic obstructive pulmonary disease, degenerative joint disease of the knees and lumbar spine, diabetes mellitus, cardiomegaly, hypertension, history of diverticulitis, and obesity.

The ALJ determined that Plaintiff has the residual functional capacity to lift, carry, push, or pull 10 pounds occasionally and less than 10 pounds frequently; stand or walk 2 hours in an 8-hour workday; and sit 6 hours in an 8-hour workday; and must avoid concentrated exposure to dust and/or fumes. [Dkt. 15-2; p. 15].  The ALJ found that Plaintiff is capable of performing her past relevant work as a telemarketer and is therefore not disabled.  The case was thus decided at step four of the five-step evaluative sequence for determining whether Plaintiff is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's decision should be reversed and the case remanded because the ALJ failed to properly complete the analysis required by Social Security Ruling (SSR) 82-62, 1982 WL 31386 for determining whether a person can return to past relevant

work. In particular, Plaintiff states that the ALJ made no inquiry about the specific demands of her past work as a telemarketer and did not address her testimony that her coughing and breathing limitations prevented her from performing that job.

Social Security Ruling (SSR) 82-62, 1982 WL 31386 addresses the policy and procedures for determining a claimant's capacity to do past relevant work. The ruling states that the rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion. *Id.* at *4. In finding that a claimant has the capacity to return to past relevant work, the determination must contain the following specific findings of fact: 1) the individual's RFC; 2) the physical and mental demands of the past work; and 3) that the individual's RFC would permit a return to the past work. *Id.*

The decision in this case contains the requisite findings. However, it lacks any discussion of the evidence that lead the ALJ to make those findings. In particular, there is no discussion of the evidence related to the demands of Plaintiff's past relevant work as a telemarketer. The only mention of the demands of that job the ALJ made in his decision is that it was performed at the sedentary level. [Dkt. 15-2, p17].

The Commissioner asserts that the ALJ's decision should be affirmed because the ALJ stated he considered all of the evidence, which would include the statements in the record where Plaintiff described her past work as involving mostly sitting, no kneeling, crouching, crawling, or stooping, and lifting and carrying was limited to small papers. [Dkt. 20, p. 5; Dkt 15-6, p. 4]. In addition, at the hearing the ALJ instructed the vocational expert to keep in mind the job descriptions set out in the Dictionary of Occupational Titles (DOT). The regulations provide that the ALJ will take administrative notice of the job descriptions

3

in the DOT and, according to the Commissioner, the DOT description of the telemarketer job fits ALJ's RFC finding. The Commissioner also noted the vocational expert testified that the telemarketer job had sedentary physical demands. The Commissioner asserts that Plaintiff does not argue that her work differed from the DOT description of that job. And, the Commissioner asks the court to keep in mind that it is Plaintiff's burden to demonstrate that she could not meet the demands of her past relevant work.

Certainly Plaintiff has the burden to demonstrate she can no longer perform her past relevant work. However, if the ALJ is convinced that Plaintiff failed to meet that burden, the regulations and Social Security Rulings are quite clear that it is the ALJ's responsibility to explain the reasons for his findings. It is not enough that evidence to support the decision exists somewhere in the record, the ALJ is required to discuss it. Furthermore, the Tenth Circuit has made it clear that it is the ALJ's burden, not Plaintiff's, to develop the record as to the demands of past relevant work. *Winfrey v. Chater*, 92 F.3d 1017, 1024 (10th Cir. 1996).

In this case the ALJ did not obtain the precise description of the particular job duties of Plaintiff's past job as a telemarketer and no elaboration of those requirements is found in the vocational expert's testimony. In *Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996), the Court stated that such an approach may be acceptable at step five where the question is whether there are <u>any</u> jobs in the economy that Plaintiff can perform. At step four, however, it is necessary to inquire and make findings as to the specific demands of the claimant's particular jobs because the scope of jobs is so limited. Here there is only one such job and the only thing that either the ALJ or the vocational expert said about that job is that it is sedentary work. The DOT listing for Plaintiff's past job as a telemarketer was

4

not identified, so it cannot be said that the listing for that job provides support for the ALJ's decision.

Plaintiff testified that because of her asthma she gets out of breath and coughs when she talks too much. [Dkt. 15-2, p. 29]. At the hearing, in response to the vocational expert's testimony that the job of telemarketer would be available to one with Plaintiff's limitations, Plaintiff stated: "I can't talk that long." [Dkt. 15-2, p. 34]. Plaintiff elaborated that, "[a]s a telemarketer you have to constantly talk and I get out of breath too quick and I start coughing and you can't do that on the phone." [Dkt. 15-2, p. 35]. The ALJ made no mention of this testimony in the denial decision.

The ALJ's decision must be reversed because the ALJ failed to address the specific requirements of the job of telemarketer. In addition, the ALJ did not deal with Plaintiff's testimony about her inability to breathe while talking, although he did include RFC restrictions related to Plaintiff's COPD in that she was to avoid concentrated exposure to dust and/or fumes. The ALJ's boilerplate statements about Plaintiff' credibility were not sufficient to address her testimony about the inability to engage in prolonged talking. *See Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). (the ALJ's decision must contain a discussion of his credibility analysis and an explanation of the determination that testimony is not credible; standard boilerplate will not suffice).

To the extent the ALJ's decision can be read as having addressed the credibility of Plaintiff's testimony by referring to her denial of shortness of breath and exercise intolerance at the consultative examination, [Dkt. 15-2, p. 16], it is not supported by substantial evidence. Under the section of the consultative examination report entitled "History of Chief Complaint," the consultative examiner recorded: "Pt states she gets

5

shortness of breath easily. . . . States she can walk up to 20 or 30 feet but then gets shortness of breath. She can not climb a flight of stairs due to her shortness of breath." [Dkt. 15-7, p. 35]. Those statement directly contradict the information the consultative examiner related in the section entitled "Review of Systems" where he recorded Plaintiff denied shortness of breath. *Id.*

The Court holds that the ALJ's decision fails to demonstrate that the correct legal standards were applied. Therefore, the ALJ's decision must be REVERSED and the case REMANDED for further proceedings in accordance with this Opinion and Order.

SO ORDERED this 30th day of March, 2011.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE